HOFFMAN, Judge,
dissenting.
In Buttermore v. Aliquippa Hospital, 522 Pa. 325, 329-30, 561 A.2d 733, 735 (1989), our Supreme Court held with respect to general releases that “[hjowever improvident their agree *442 ment may be or subsequently prove for either party, their agreement, absent fraud, accident or mutual mistake, is the law of the case.”
In the present case the release provides in pertinent part as follows:
For the sole consideration of $33,000.00, the undersigned hereby releases and forever discharges Donald Woods and Tonyia Woods and all other persons, firms and corporations from all claims and demands, rights and causes of action of any kind the undersigned now has or hereafter may have on account of or in any way growing out of the personal injuries known or unknown to me ... resulting or to result from an occurrence which happened on or about August 12, 1983....
The plain language of this release indicates that Dr. Didizian’s treatment of appellánt is covered under the release. Although the majority finds that Dr. Didizian’s treatment was not in the contemplation of the parties when the release was executed, I disagree. Had possible future claims not been within the contemplation of the parties, the language of the release would not clearly discharge all persons from all claims, known or unknown to appellant at the present time, which arise out of the August 12, 1983 accident. Accordingly, for the reasons stated above, I must respectfully dissent.